■ NINA I. FARRELL, Respondent, v. LOUISE J. GIUFFRE et al., Appellants. NINA I. FARRELL, Respondent, v. MARINO V. GIUFFRE et al., Appellants.— Defendants appeal from judgments of the Supreme Court entered upon jury verdicts, one for property damage and one for personal injuries, in favor of the plaintiff. The accident happened on March 31, 1956, at about 7:45 P.M., on Route 86, a two-lane State highway, 20 feet in width. It was dark at the time. There were substantial banks of snow on both shoulders of the road. The pavement itself was bare. The weather was clear but visibility was poor at times due to blowing snow. The defendant, proceeding in a westerly direction, parked his car on the south side (his wrong side) of the highway, on the paved portion, while he got out of the car to go to a mail box. The jury could find that he left his head lights on high beam. Plaintiff, proceeding easterly on a straight road, saw these head lights about one-half mile ahead, but testified that she could not tell whether or not the car was moving or where in the highway it was located until she was about 75 feet from it; that she then sensed that it was standing still on her side of the road; that a car was approaching traveling westerly which prevented her from turning to avoid the collision which resulted with the defendants' car. On these facts it is clear that the jury could find the defendant negligent, and the plaintiff's negligence was certainly an open jury question, and the verdicts are not against the weight of evidence. It is also contended that the verdict of $10,000 for personal injuries is excessive. Plaintiff incurred hospital and medical expenses of approximately $648, was hospitalized for 12 days and treated medically for about seven months. The medical testimony is undisputed that she received severe and painful injuries on various parts of her body; that she has a puncture scar on her lip and a large scar on her leg in the region of the knee, which will be permanent. We think the verdict was within the range open to a jury. If it be error at all, the alleged error in the court's charge is inconsequential. Judgments unanimously affirmed, with one bill of costs to the respondent in the personal injury action. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.